# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:12-00048 |
| | ) | Judge Sharp |
| RICHARD OLIVE | ) | |

## MEMORANDUM

On March 7, 2013, a jury returned a verdict finding Defendant Richard Olive guilty on all charges contained in the nine-count Indictment against him. He has now filed a Motion for Release Pending Sentencing and Appeal (Docket No. 81), to which the Government has responded in opposition (Docket No. 83), and Defendant has replied (Docket No. 84). The request for release pending sentencing and appeal will be denied.

## I. DISCUSSION

Defendant's request for release implicates two separate provisions of the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*. "The release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143(a)," United States v. Cook, 42 Fed. App'x 803, 804 (6th Cir. 2002) and requires that a defendant "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a). Section 3143(b), in turn, requires that "the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds . . . (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and (B) that the appeal is not for the

1

purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal [or] (ii) an order for a new trial. . . ." 18 U.S.C. 3143(b).

Defendant's Motion for Release fails because he has not rebutted the presumption of detention. Under both subsections, he has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to the community, and, with regard to the latter subsection, he has not shown that any appeal he intends to file will likely result in a reversal or a new trial.

A. **Release Pending Sentencing**

Defendant falls woefully short of presenting clear and convincing evidence that he does not pose a risk of flight. He claims that since first being indicted by a state court on June 14, 2010, "he has faced serious felony charges which carried a substantial sentence of incarceration if convicted," yet he has not tried to flee, has complied with the pretrial conditions of release, has maintained his "deep family ties," and there is no evidence to suggest that he "would do anything different if released pending sentencing." (Docket No. 81 at 2-3).

While that may be true, "there is a different, more stringent standard for release pending sentencing than for release pending trial." United States v. Vasquez, 406 Fed. App'x 293, 294 (10th Cir. 2010). "After a person is found guilty, there is a presumption for detention pending sentencing," and "[t]he defendant bears the burden of rebutting the presumption of detention." United States v. Parrett, 486 Fed. App'x 544, 547 (6th Cir. 2012).

At trial, Breanna Galatte, Defendant's step-daughter, testified that, as Defendant's fraudulent scheme began to unravel, Defendant expressed concerns about going to prison, and told her that he had researched countries that had no extradition treaty with the United States. Whatever fears Defendant had about going to prison pre-trial can only be heightened now that he has been found guilty by a jury

of his peers, and the possibility of incarceration has turned into reality.

Defendant has also not established that he will not pose a danger to the community. Although though there is no evidence that Defendant presents a risk of physical harm to others, danger can "encompass pecuniary or economic harm." United States v. Madoff, 316 Fed. App'x 58, 60-61 (2nd Cir. 2009) (citation omitted).

Defendant claims that, if released, he would reside with his wife and daughter in Florida, and work at the Village Pet Shop and Inn that his wife owns in Vero Beach. Still, the Court is not convinced that he will refrain from engaging in a fraudulent scheme, just as he did not refrain from selling NFOA annuities after numerous states issued Cease and Desist Orders, and did not tell prospective investors that such Orders had been issued. Additionally, claiming to interpret the law for himself, Defendant refused his own counsel's repeated advice that it was improper to hold NFOA out as a tax-exempt charity while its application for 501(c)(3) status was pending. In sum, Defendant's track record raises concerns about pecuniary harm to the public, a concern which Defendant has failed to alleviate.

B. **Release Pending Appeal**

In addition to failing to provide clear and convincing evidence that he is not likely to flee or pose a danger to the community, Defendant has not demonstrated that his appeal raises a substantial question sufficient to overcome the presumption against release pending appeal.

"'[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'" United States v. Sabino, 97 Fed. App'x 626, 627 (6th Cir. 2004). "'Since the district court is

familiar with the case, the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal.'" United States v Sutherlin, 84 Fed. App'x 630, 631 (6th Cir. 2003) (citation omitted). "'In determining whether a question is 'substantial' as that word is used in 18 U.S.C. § 3143(b)(2), a judge must essentially evaluate the difficulty of the question he previously decided.'" Id. (citation omitted).

In asserting that a substantial question of law exists, Defendant argues that this Court "erroneously denied" his "motion to dismiss or strike the principal allegations that Mr. Olive misrepresented NFOA as a recognized 501(c)(3) public charity on the grounds that Internal Revenue Code, Section 508(a) and (d) establish that an organization is recognized as a 501(c)(3) organization once it gives notice to the IRS by filing a 1023 application and that contributors are entitled to tax deductions for all contributions made after the application is filed." (Docket No. 81 at 4). Defendant also argues that "this Court erroneously excluded the key evidence in support of his defense which was that following the IRS's denial of NFOA's 1023 application, the IRS conducted an examination specifically focused on Mr. Olive's $25,000 charitable gift to NFOA reported on his 2006 tax return and, upon the completion of the examination, issued a no change letter accepting the contribution as reported." (Id. at 5). "[E]xclusion of this key evidence, Defendant insists, was contrary to" Fed. R. Evid. 803(8), and "not even a close question." (Id.). Finally, Defendant argues "[t]he Court exacerbated the above errors by erroneously denying Mr. Olive's motion to exclude the Cease and Desist Orders and permitting the Government to offer evidence and testimony that misled the jury to believe that the Cease and Desist Orders were issued by the several states to prohibit Mr. Olive from misrepresenting that NFOA was a recognized 501(c)(3) public charity and contributors would receive generous tax deductions." (Id. at 6). None of these arguments is persuasive.

While it may be, as Defendant argues, that "there is no controlling precedent" and "[n]o court has decided the issue" of whether Sections 508(a) and (d) of the Internal Revenue Code establish that an organization is recognized as a 501(c)(3) public charity once it gives notice to the Internal Revenue Service by filing a 1023 application, (id. at 4-5), what Defendant continues to neglect to consider is that the Treasury Regulations, the IRS Publication, and the General Counsel Memorandum on which he relies all envision that the organization for which an application is made is, in fact, a charitable organization. That much was made clear in this Court's prior ruling (Docket No. 25 at 5-6), and Defendant has offered nothing to persuade the Court that the conclusion is, in fact, debatable.

Further, the Court does not believe that a substantial question of law has been raised by the exclusion of evidence relating to the alleged $25,000 charitable given to NFOA by Defendant, and the issuance of no change letter by the IRS. While Defendant argues this evidence was admissible under the public record exception to the hearsay rule found in Fed. R. Evid. 803(8), "[i]rrelevant evidence is not admissible," Fed. R. Evid. 402, and even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury[.]"

As this Court pointed out in its prior ruling, "the IRS's treatment of Defendant and his wife says nothing about (1) how others who claimed deductions have been or may be treated, (2) the IRS's position on whether NFOA was actually a 501(c)(3) organization; or (3) whether NFOA was actually operating as a charitably organization within the meaning of Section 501(c)(3)." (Docket No. 25 at 8). Given the risk of prejudice and confusion presented by Defendant's individual treatment by the IRS, and given that, "[u]nder Rule 403, a district court is granted 'very broad discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence," United States

5

v. Fisher, 648 F.3d 442 (6th Cir. 2011), Defendant has not shown it more probable than not that a reversal would be likely based upon the exclusion of this evidence.

Finally, Defendant has not shown the likelihood of reversal or the ordering of a new trial based upon the admission of certain Cease and Desist Orders that had been issued by various states. While Defendant argues that the Cease and Desist Orders were issued on the basis of alleged violations of state insurance or state securities laws, the fact is that the Cease and Desist Orders also alleged that NFOA was wrongfully holding itself out as a 501(c)(3) charity, and suggested knowledge of wrongdoing in that regard. As this Court explained in yet another pretrial ruling:

> Certainly, allegations by state regulators that Defendant was wrongfully holding NFOA out as a charitable organization, and that Defendant failed to disclose to investors the existence of the Cease and Desist Orders suggests knowledge and intent on the part of Defendant. That is, notwithstanding the fact that state regulators had clearly placed Defendant on notice of a potential problem with the claim that NFOA was tax exempt, Defendant continued to seek out annuitants and did so without apprising them that this critical claim underlying the scheme had been called into question.

(Docket No. 46 at 9).

As with a request for release pending sentencing under section 3143(a), section 3143(b) "creates a presumption against release pending appeal." United States v. Carter, 2010 WL 6790975 at *1 (6th Cir. July 12, 2010). Defendant has failed to rebut that presumption and his request will therefore be denied.

## II. CONCLUSION

For the above stated reasons, the Court will enter an Order denying Defendant's Motion for Release Pending Sentencing and Appeal.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE